UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-211
(3:08-cr-220)

| | |
|---|---|
| SERPICO MYRIE ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1); counsel's supplemental § 2255 and other relief motion, (Doc. No. 6); and the Government's Response, (Doc. No. 12). For the reasons that follow, Petitioner's motion, as supplemented, will be denied and dismissed.

I.  BACKGROUND

On October 28, 2008, Petitioner was indicted for possessing with intent to distribute at least five grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), (Count One); possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (Count Two); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), (Count Three). (Case No. 3:08-cr-220, Doc. No. 1: Indictment). On January 27, 2009, the Government filed a notice pursuant to 21 U.S.C. § 851 informing Petitioner of its intention to seek enhanced penalties based on Petitioner's prior North Carolina conviction for possession of cocaine and convictions for possession with intent to sell or deliver marijuana and cocaine. (Id., Doc. No. 14). Shortly before his trial date, Petitioner pled guilty to each count without the benefit of a plea agreement. (Id., Doc. No. 16: Acceptance and Entry of Plea Agreement).

1

The Presentence Report ("PSR") identified North Carolina convictions for possession with intent to sell or deliver marijuana, possession with intent to sell or deliver cocaine, and larceny from the person as qualifying Petitioner for career offender designation. (Id., Doc. No. 19: PSR ¶ 33). At the sentencing hearing on September 29, 2009, the Court imposed 188 months on Count One, 120 concurrent months on Count Three, and 60 consecutive months on Count Two, for a total of 248 months. (Id., Doc. No. 26: Judgment at 2). This sentence was a variance below the low end of the advisory guideline range of 322 months to avoid unwarranted disparities based on the crack-powder ratio inherent in the guidelines at that time. (Id., Doc. No. 27: Statement of Reasons at 2-3; Doc. No. 36: Sent. Hr'g Tr. at 25). Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit, (Id., Doc. No. 28: Notice of Appeal), which was dismissed on January 13, 2010, on his motion, (Id., Doc. No. 37: Order and Mandate).

On April 3, 2012, Petitioner filed the instant § 2255 motion claiming: (1) he is "actually innocent" of the career offender enhancement in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and (2) former counsel was constitutionally ineffective for failing to object to the use of the marijuana conviction as a career offender predicate.[1] (Doc. No. 1 at 5-6). After the Fourth Circuit issued its decision in Simmons, this district began appointing counsel to defendants who might have a claim for relief. (Case No. 3:12-mc-92: Order). On July 26, 2013, new counsel filed a supplement to Petitioner's § 2255 motion which included claims for relief under 28 U.S.C. § 2241 and petitions for writs of coram nobis and audita querela, (Doc. No. 6). Petitioner and counsel claim the motion is timely or subject to equitable tolling because

---

[1] Petitioner had been sentenced to 11-14 months' imprisonment for possession with intent to distribute cocaine, (Case No. 3:08-cr-220, Doc. No. 19: PSR ¶ 56); therefore, that career offender predicate and the § 922(g) conviction are not in dispute.

Simmons created new facts applicable to his case. (Doc. No. 1: Motion at 13; Doc. No. 6: Supplement at 10-11). The Government responds that the motion should be dismissed as untimely. (Doc. No. 12 at 1-2).

II.     STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter, and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

A.      Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about April 13, 2010, after his time to petition the Supreme Court for certiorari expired. See Clay v. United States, 537 U.S. 522, 525 (2003). Petitioner and counsel contend this action, filed nearly two years later, should benefit from equitable tolling because it could not have been filed until after Simmons was decided. The Fourth Circuit's en banc decision in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014), makes it clear that Petitioner's § 2255 motion, as supplemented, is indeed untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging career offender predicates was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense. Whiteside, 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[2] Therefore, the motion will be dismissed as untimely.

    B.    Alternative Claims for Relief

        1.    Section 2241

A petitioner may seek relief under § 2241 in an effort to challenge his conviction or

---

[2] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6). Petitioner's former counsel as well filed an objection to the PSR on April 2, 2009, challenging the career offender enhancement based on the length of Petitioner's prior sentences of less than one year. (Case No. 3:08-cr-220, Doc. No. 19: PSR at 24-25; Doc. No. 36: Sent. Hr'g Tr. at 3).

4

sentence but only if the petitioner can demonstrate that a remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34. See also United States v. Surratt, --- F.3d ---, 2015 U.S. App. LEXIS 13379, 2015 WL 4591677 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid state conviction).

Here, Petitioner's claim fails because he cannot show that § 2255 was inadequate to challenge his sentence. He also cannot show that his conduct is no longer deemed criminal; he simply challenges a sentencing enhancement under the advisory guidelines that called for a sentence beneath the statutory maximum of life. Therefore, Petitioner's § 2241 motion will be denied.

    2.    Coram Nobis and Audita Querela

Finally, Petitioner seeks relief through a writ of error coram nobis or a writ of audita querela. However, coram nobis relief is only available when all other avenues of relief are inadequate and where the defendant is no longer in custody. Wilson v. Flaherty, 689 F.3d 332, 339 (4th Cir. 2012); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012); see also Carlisle v. United States, 517 U.S. 416, 429 (1996) (noting that "'it is difficult to conceive of a

5

situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate'" (quoting United States v. Smith, 331 U.S. 475 n.4 (1947))). Here, Petitioner is in custody, rendering coram nobis relief unavailable.

"A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to § 2255). For the reasons stated above, Petitioner could have raised his claim by a timely § 2255 motion; therefore, the request for a writ of audita querela will be denied.

IV. CONCLUSION

Based on the foregoing, the Court finds that Petitioner has failed to present any meritorious claims for relief.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, as supplemented, (Doc. Nos. 1, 6), is **DENIED** and **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the

dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 2, 2015

Robert J. Conrad, Jr.
United States District Judge