IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CR-00220-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SERPICO MYRIE | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a time-served sentence based on the First Step Act of 2018, (Doc. No. 48), to which the government partially consents, (Doc. No. 51).

The defendant pled guilty to possession with intent to distribute 5 grams or more of cocaine base, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. (Doc. No. 26: Judgment at 1). Based on his classification as a career offender and the government's 21 U.S.C. § 851 notice, the advisory guideline range was 322 to 387 months' imprisonment and 8 years' supervised release. (Doc. No. 50: Supplemental Presentence Report at 1). The Court varied below the range to avoid unwarranted sentencing disparities among defendants and imposed an aggregate sentence of 248 months' imprisonment and 8 years' supervised release. (Doc. No. 26: Judgment at 2-3).

Under the First Step Act and decisions by the United States Court of Appeals for the Fourth Circuit, the revised advisory guideline range, without the career offender enhancement, is 63 to 73 months for Counts One and Three, 60 consecutive

months for Count Two, and a minimum of 6 years' supervised release. (Doc. No. 50: Supplemental Presentence Report at 2). The defendant has approximately 168 credited months in the Bureau of Prisons (BOP). (Id. at 3). Therefore, the defendant seeks a sentence of time served followed by 6 years' supervised release. (Doc. No. 48: Motion at 1). The government consents to a time-served sentence, but objects to a reduction of the supervised release term. (Doc. No. 51: Response at 1).

In exercising its discretion under the First Step Act, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing. However, given the defendant's pre-sentence conduct involving repeated probation revocations, (Doc. No. 19: Presentence Report ¶¶ 37, 54), and his post-sentence conduct involving numerous disciplinary actions in custody, (Doc. No. 50: Supplement at 3), the Court will decline to exercise its discretion to reduce the supervised release term previously imposed.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 48), is **GRANTED in part** and the defendant's sentence is reduced to the time served on each count, plus up to ten days for the BOP to process his release. All other terms and conditions remain unchanged.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation

2

Office (USPO), he shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the USPO, as a condition of supervised release.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 6, 2020

Robert J. Conrad, Jr.
United States District Judge

3

Case 3:08-cr-00220-RJC   Document 54   Filed 10/06/20   Page 3 of 3